BRADLEY H. COHEN
bradley.cohen@cfpb.gov (admitted pro hac vice)
CHELSEA M. PETER
chelsea.peter@cfpb.gov (admitted pro hac vice)
BRIAN E. J. MARTIN
brian.martin@cfpb.gov (admitted pro hac vice)
STEPHANIE B. GARLOCK
stephanie.garlock@cfpb.gov (admitted pro hac vice)
1700 G Street, N.W.
Washington, D.C. 20552
Tel.: 202-435-9280
Tel.: 202-808-6277
Fax: 202-435-5471

JOSEPH LAKE (CA Bar No. 246679)
joseph.lake@cfpb.gov
Local Counsel for Consumer Financial Protection Bureau
Tel: 202-897-8360
301 Howard Street, Suite 1200
San Francisco, CA 94105
Fax: (415) 844-9788

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

v.

SOLO FUNDS, INC.,

Defendant.

Case No. 2:24-cv-04108-RJK-AJR

**NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF CONSUMER FINANCIAL PROTECTION BUREAU'S OPPOSITION TO SOLO FUNDS, INC.'S MOTION TO DISMISS**

Judge: Hon. R. Gary Klausner

Motion taken under submission per Scheduling Notice and Order (ECF No. 46)

The Consumer Financial Protection Bureau respectfully submits this notice of supplemental authorities to alert the Court to two relevant decisions, after the close of briefing on Defendant's Motion to Dismiss in this case.

In *Consumer Financial Protection Bureau v. Active Network, LLC*, defendant Active Network argued—just like Defendant here—that a Bureau enforcement action must be dismissed because the Bureau may draw funds from the Federal Reserve System only when the System generates net excess earnings. Mot. to Dismiss at 22–24, *CFPB v. Active Network, LLC*, No. 4:22-cv-00898-ALM (E.D. Tex. June 17, 2024), ECF No. 28 (attached as Exhibit 1). On October 7, 2024, the U.S. District Court for the Eastern District of Texas rejected that argument and denied Active Network's motion. *See CFPB v. Active Network, LLC*, No. 4:22-cv-00898, 2024 WL 4437639, at *2 (E.D. Tex. Oct. 7, 2024) (attached as Exhibit 2).

In *Texas v. Colony Ridge, Inc.*, defendants likewise sought dismissal of claims brought under the Consumer Financial Protection Act (there, by the State of Texas under a provision authorizing states to enforce the CFPA, *see* 12 U.S.C. § 5552(a)) based on the same argument that the Federal Reserve System is not generating excess earnings. Texas opposed, arguing in part that the CFPA does not limit the Bureau to drawing funds only from the Federal Reserve's excess earnings. On August 11, a magistrate judge of the U.S. District Court for the Southern District of Texas recommended denying the motion. *See* Mem. & Recommendation at 9, *Texas v. Colony Ridge, Inc.*, No. H-24-0941 (S.D. Tex. Oct. 11, 2024), ECF No. 61 (attached as Exhibit 3) ("Colony Ridge Op."). Among other reasons, the magistrate noted that the Supreme Court in *CFPB v. Community Financial Services Ass'n of America,*

*Ltd.*, 601 U.S. 441 (2024) had "found that the CFPB is constitutionally funded" at a time that the defendants there argued the CFPB was not properly funded. Colony Ridge Op. at 9.

Dated: October 16, 2024

Respectfully submitted,

Eric Halperin
*Enforcement Director*
Deborah Morris
*Deputy Enforcement Director*
Trishanda L. Treadwell
*Assistant Litigation Deputy*

*/s/Bradley H. Cohen*
Bradley H. Cohen (*pro hac vice)*
Chelsea M. Peter (*pro hac vice*)
Brian E. J. Martin (*pro hac vice*)
Stephanie B. Garlock (*pro hac vice*)

1700 G Street, N.W.
Washington, D.C. 20552

*Attorneys for the Consumer Financial Protection Bureau*

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that the foregoing pleading was electronically filed with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on October 16, 2024. I further certify that all participants in the case are registered CM/ECF users and that service was accomplished through the CM/ECF system.

Dated: October 16, 2024

*/s/Bradley H. Cohen*
Bradley H. Cohen (*pro hac vice)*
*Attorney for the Consumer Financial Protection Bureau*