UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04108-RGK-AJR | Date | October 17, 2024 |
|---|---|---|---|
| Title | *Consumer Financial Protection Bureau v. SoLo Funds, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

Proceedings:      (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 35]

## I.    INTRODUCTION

On August 20, 2024, the Consumer Financial Protection Bureau (the "Bureau") filed the operative First Amended Complaint ("FAC") against SoLo Funds, Inc. ("SoLo") alleging violations of the Consumer Financial Protection Act ("CFPA") and Fair Credit Reporting Act ("FCRA"). (ECF No. 31.) Presently before the Court is SoLo's Motion to Dismiss the FAC. For the following reasons, the Court **DENIES** the Motion.

## II.   FACTUAL BACKGROUND

The Bureau alleges the following:

SoLo operates an online platform that facilitates peer-to-peer lending. It markets the platform as a consumer-friendly alternative to traditional high-cost, short-term loans. Individuals seeking and offering loans through SoLo negotiate the loans' terms, including "lender tip fees" the borrower pays directly to the lender. Prospective borrowers open negotiations by proposing tip amounts in their loan applications. SoLo encourages lenders to make counteroffers with language including, "Interested in a larger tip? Click Edit Tip to propose a new value." Loan applicants can propose a $0 tip. A tip-free loan is highly unlikely to be funded, however, since only 0.5% of loans funded on SoLo do not include tips.

In addition to soliciting tips for lenders, SoLo invites prospective borrowers to make donations directly to SoLo. Prospective borrowers must select one of three default percentages of the loan's principal as a donation before submitting the application. Although SoLo does not explicitly offer the option to give no donation, users may bypass the donation portion of the application by toggling off the donation option in their user profile settings. This setting is buried among other menu options and the loan application does not disclose that the donation feature can be disabled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04108-RGK-AJR | Date | October 17, 2024 |
|---|---|---|---|
| Title | *Consumer Financial Protection Bureau v. SoLo Funds, Inc.* | | |

Although virtually all SoLo borrowers pay tips, donations, or both, SoLo advertises that its loans are "no interest," "0% APR," and "0% interest." These advertisements are misleading, since they leave consumers with the impression that the loans are fee-free. SoLo makes similar misleading statements regarding fees in its promissory notes and a document titled "Truth in Lending Disclosures," which are provided to borrowers as part of the application and funding process.

SoLo provides various other services in addition to putting borrowers in touch with lenders. These services include collecting loans, assessing late fees, and offering lender protection services like guaranteeing and taking assignment of loans. SoLo also functions as a credit reporting agency because it collects information about prospective borrowers' consumer credit from third parties, which it uses to calculate a "SoLo Score." SoLo provides this score to lenders as an indication of creditworthiness, yet failed to take reasonable measures to ensure the accuracy of the information it provided.

SoLo operated in several states (the "Subject States") with lender licensing requirements[1] and usury caps.[2] SoLo made numerous loans in violation of these state laws, which were therefore void and not collectible. Nevertheless, SoLo serviced and collected these loans.

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a

---

[1] The Bureau alleges that SoLo violated the licensing requirements of Alabama, Arizona, Connecticut, Idaho, Illinois, Maryland, Massachusetts, New Hampshire, New Jersey, New Mexico New York, North Carolina, Ohio, and Oregon.

[2] The Bureau alleges that loans funded through SoLo exceeded the usury caps in Arkansas, Connecticut, Minnesota, New Hampshire, New Mexico, New York, North Carolina, South Dakota, and Virginia.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04108-RGK-AJR | Date | October 17, 2024 |
|---|---|---|---|
| Title | *Consumer Financial Protection Bureau v. SoLo Funds, Inc.* | | |

legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**IV.    DISCUSSION**

SoLo's argument for dismissal is twofold. First, SoLo contends that the entire FAC should be dismissed with prejudice because the Bureau currently operates with "unlawfully obtained funds." (Mot. at 3.) In the alternative, SoLo argues that several claims fail on plausibility grounds. The Court begins by addressing the Bureau's funding.

**A.    Improper Funding**

While most federal agencies are funded by annual appropriations from Congress, the Dodd-Frank act provides the Bureau funding "from the combined earnings of the Federal Reserve System." 12 U.S.C. § 5497(a)(1); *CFPB v. Comty. Fin. Servs. Ass'n of Am. Ltd.*, 601 U.S. 416, 420 (2024). The Bureau has been funded from the Federal Reserve since the Dodd-Frank Act was passed—even when, as now, the Federal Reserve is operating at a deficit.

SoLo suggests that the Bureau lacks authority to bring this suit given the Federal Reserve's current lack of surplus funds. According to SoLo, the word "earnings" as used in § 5497 refers to net profits. Because there are no net profits to draw upon, and because the Bureau has not otherwise sought appropriations from Congress, SoLo contends the Bureau's funding violates the Appropriations Clause. The Bureau, on the other hand, contends that its funding is legitimate since "earnings" refers to gross revenue.

The Court need not determine how to interpret § 5497, however, since SoLo has not persuaded the Court that the Bureau's source of funding—even if illegitimate—is grounds for dismissal. Indeed, SoLo fails to cite any court that has dismissed a case on similar grounds. Having rejected SoLo's arguments about the Bureau's funding, the Court now evaluates the claims' plausibility.

**B.    Plausibility**

SoLo alternatively argues that Counts I, II, IV–VI, VIII, and IX are inadequately pleaded. The Bureau primarily asserts its claims under the CFPA, which prohibits "any covered person or service provider" from "engag[ing] in any unfair, deceptive, or abusive act or practice" with respect to consumer financial products and services. 12 U.S.C. §§ 5531(a); 5536(a)(1)(B). The Bureau asserts several violations of the CFPA, including (1) deceptive advertising (Count I); (2) deceptive disclosures and documents (Count II); and (3) unfair, deceptive, and abusive acts and practices ("UDAAP") of servicing and collecting loans that were uncollectible under the Subject States' laws (Counts IV–VI).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04108-RGK-AJR | Date | October 17, 2024 |
| Title | *Consumer Financial Protection Bureau v. SoLo Funds, Inc.* | | |

The Bureau additionally alleges that SoLo violated the FCRA when it failed to take reasonable measures to ensure the accuracy of prospective borrowers' SoLo Scores (Counts VIII–IX). The Court begins by addressing the alleged CFPA violations.

　　1.　　*Deceptive Advertising and Disclosures (Counts I–II)*

A statement is deceptive if "(1) there is a representation, omission, or practice that, (2) is likely to mislead consumers acting reasonably under the circumstances, and (3) the representation, omission, or practice is material." *CFPB v. Gordon*, 819 F.3d 1179, 1192–93 (9th Cir. 2016) (cleaned up). SoLo allegedly advertised loans with "no interest," "0% APR," and "0% interest" and made similar disclosures in promissory notes and its "Truth in Lending Disclosures" document.[3] According to the Bureau, these advertisements and disclosures were misleading because borrowers did, in fact, pay finance charges in the form of tips and donations. SoLo makes several arguments in support of dismissing the claims. None are convincing.

First, SoLo contends that dismissal is warranted because the statements are not misleading when considered within the broader context of its unique platform. These contentions address the substantive merits of the Bureau's claim, rather than its plausibility, and are therefore inappropriate to raise in a motion to dismiss.[4] Therefore, this argument fails.

In a similar vein, SoLo argues that the advertisements were not misleading because they were literally true. Namely, a small number of SoLo consumers received funding without a tip or donation. SoLo also contends that tips and donations were voluntary, and therefore not finance charges, since users could offer a $0 tip and toggle off the donation feature. But the literal truth of SoLo's statements does not render the allegations per se implausible. Indeed, a statement can be both literally true and misleading. *Kraft, Inc. v. FTC*, 970 F.2d 311, 322 (7th Cir. 1992). Furthermore, the Bureau provides ample facts to support its underlying allegation that tips and donations are finance charges. *See* 12 C.F.R. § 1026.4(a) (defining a "finance charge" as "the cost of consumer credit. . . includ[ing] any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit."). These allegations include that only 0.5% of loans on the SoLo platform were funded without a lender tip and that most SoLo borrowers were

---

[3] SoLo appears to argue that its compliance with the Truth in Lending Act ("TILA") supports dismissal. SoLo fails to explain why compliance with TILA is relevant to the Bureau's claims, which allege that the disclosures are misleading—not inadequate or noncompliant.

[4] On August 29, 2024, the Court granted the parties' joint Stipulation to file overlength memoranda in support of and opposition to this Motion. (ECF No. 34.) Although the Court rarely grants such requests, it did so in this instance due to the number of claims alleged and the various laws they implicated. Unfortunately, the Motion devotes considerable space to asserting arguments directed towards the substantive merits of the claims, rather than the adequacy of the pleading. Because the appropriate arguments in the Motion could comfortably fit within the Court's typical page limits, the Court is unlikely to grant any similar requests in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04108-RGK-AJR | Date | October 17, 2024 |
|---|---|---|---|
| Title | *Consumer Financial Protection Bureau v. SoLo Funds, Inc.* | | |

required to select a percentage of the loan principal as a donation to SoLo as a condition of completing the loan application. For these reasons, the literal truth of SoLo's statements is not grounds for dismissal.

Finally, SoLo suggests that the Bureau's allegation that its advertisements leave prospective borrowers with the impression that the loans are fee-free are conclusory because they do not contain factual allegations showing that consumers are actually deceived by the advertisements. The Court disagrees. The Bureau's allegations, while straightforward, are not conclusory. No additional factual allegations are necessary to plead that the statements "no interest," "0% APR," and "0% interest" could leave a reasonable consumer with the impression that there were no fees associated with the loans. Accordingly, the Court **DENIES** the Motion with respect to Counts I and II.

    2.    <u>*UDAAP (Counts IV–VI)*</u>

Counts IV–VI assert claims relating to allegedly unfair (Count V), deceptive (Count IV), and abusive (Count VI) acts and practices in violation of the CFPA. Specifically, the Bureau alleges that SoLo's loans were void, and therefore uncollectible, under the Subject States' lender licensing requirements and usury caps. Even though borrowers were not obligated to repay these void loans, SoLo attempted to collect them. According to the Bureau, SoLo's servicing and collection of these loans amounted to UDAAP. SoLo argues that these claims should be dismissed because a violation of state law cannot be the basis of a CFPA violation. In the alternative, SoLo contends the Bureau has failed to allege that it violated any state laws. Finally, with respect to Count V, SoLo argues that the Bureau has failed to allege an unfair act or practice. The Court addresses each argument in turn.

    a.    *State Law Violations as CFPA Violations*

SoLo's first argument conflicts with clear Ninth Circuit precedent established in *Consumer Financial Protection Bureau v. CashCall, Inc.*, a strikingly similar civil enforcement action brought by the Bureau. 2016 WL 4820635 (C.D. Cal. Aug. 31, 2016), *aff'd* 35 F.4th 734 (9th Cir. 2022). In *CashCall*, the Bureau alleged that the defendants committed UDAAP in violation of the CFPA by servicing and collecting loans that were unenforceable in numerous states with licensing requirements and usury caps. *Id.* at *4. Like SoLo, the defendants in *CashCall* argued "that they [could not] be held liable under the CFPA . . . because the CFPB's claims [were] predicated upon state law violations and Congress did not authorize the CFPB to transform a state law violation into a violation of federal law." *Id.* at *12. The district court rejected this argument and ultimately granted summary judgment as to liability in the Bureau's favor. *Id.* at *12, 13. The court determined that the loans were void or uncollectible under the state laws in question and concluded that the defendants "engaged in a deceptive practice prohibited by the CFPA." *Id.* at *10. The court reasoned, "[b]y servicing and collecting on [the] loans, [defendants] created the net impression that the loans were enforceable and that borrowers were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04108-RGK-AJR | Date | October 17, 2024 |
|---|---|---|---|
| Title | *Consumer Financial Protection Bureau v. SoLo Funds, Inc.* | | |

obligated to repay the loans in accordance with the terms of their loan agreements." *Id.* (internal quotation marks omitted). The Ninth Circuit affirmed. 35 F.4th at 747.

SoLo also attempts to distinguish *CashCall* by arguing that the defendants in that case affirmatively represented that consumers were obligated to pay the uncollectible loans.[5] These allegations differ from those against SoLo, it says, since SoLo's alleged servicing and attempts to collect void loans did not amount to misrepresentations. This argument directly contradicts the *CashCall* court's explicit determination that "servicing and collecting on [the] loans where payments were not due and owing, satisfies the requisite elements of a UDAAP violation under the CFPA." *CashCall*, 2016 WL 4820635 at *12.

In short, SoLo fails to meaningfully argue that violations of the Subject States' laws cannot form the basis of the Bureau's CFPA claims. The Court next addresses whether the Bureau has adequately alleged violations of the Subject States' licensing requirements and usury caps.

### b.   *Licensing Requirements*

SoLo appears to admit that the Subject States' licensing laws are broadly applicable to those in the business of lending. Nevertheless, SoLo contends that it is not subject to state licensing requirements because individual lenders funded the loans on its platform. But SoLo fails to demonstrate why this technicality would exempt SoLo from each of the Subject States' licensing requirements. In fact, the Bureau has made numerous allegations showing that SoLo is in the business of lending. For example, the Bureau alleges that SoLo arranges loans in exchange for fees, services loans by debiting borrowers' accounts and collecting unpaid amounts, and guarantees and takes assignment of some loans. Accordingly, SoLo's argument that the Bureau has failed to allege that it is subject to each state's licensing requirements fails.

### c.   *Usury Caps*

The Bureau alleges that the tips and donations SoLo solicits effectively function as finance charges and, if properly classified as such, frequently exceed the Subject States' usury caps. SoLo contends that the Bureau's allegation that tips and donations amount to finance charges is a legal conclusion, rather than a factual allegation. SoLo further posits that this legal conclusion is incorrect, as

---

[5] Similarly, SoLo characterizes the Bureau's claims as allegations that it failed to affirmatively disclose a potential defense to payment to borrowers, which it contends is not grounds for liability under *Woodward v. Collection Consultants of California*, 381 F. Supp. 3d 1234 (C.D. Cal. 2019). The Court is not convinced that *Woodward*, which involved a lender that did not disclose that collection of a valid debt was time-barred, is sufficiently analogous here. But even assuming that *Woodward* is on point, the similarity of the Bureau's claims to *CashCall* more than suffices to show that the Bureau has plausibly stated a claim under Rule 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04108-RGK-AJR | Date | October 17, 2024 |
|---|---|---|---|
| Title | *Consumer Financial Protection Bureau v. SoLo Funds, Inc.* | | |

evidenced by a recent comment letter[6] published by the Attorneys General of Arkansas, South Dakota, and Virginia, which states that voluntary fees should not be calculated as finance charges. (Swank Decl., Ex. 9 at 9–12, ECF No. 35-11.) The Court disagrees. As previously discussed, the Bureau alleges ample facts to support its underlying allegation that tips and donations are not voluntary, and therefore, may be defined as finance charges.

            d.     *Unfair Acts or Practices (Count V)*

Although SoLo makes no additional arguments for dismissal of Counts IV and VII, it makes one additional argument for dismissal of the Unfair Acts or Practices claim (Count V). An act or practice is unfair if: (1) it "is likely to cause substantial injury to consumers" and (2) the injury "is not outweighed by countervailing benefits to consumers or to competition." 12 U.S.C. § 5531(c). Without any citation to legal authority, SoLo contends that the Bureau has not alleged a substantial injury because the loans funded through its platform were for low amounts with "modest, optional fees." (Mot. at 18.) This injury, according to SoLo, is outweighed by countervailing benefits since SoLo offers a valuable alternative to traditional short-term loans, which typically offer credit on predatory terms. Once again, SoLo's argument goes to the merits of the Bureau's claim—not the sufficiency of its pleadings. For this reason, the Court rejects this argument.

In summary, each of SoLo's arguments for dismissal of the UDAAP claims fails. Accordingly, the Court **DENIES** the Motion with respect to these claims.

            3.     *Fair Credit Reporting Act Violations (Counts VIII–IX)*

Under the FCRA, a consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The FCRA defines a "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties." *Id.* § 1681a(f). The Bureau alleges that SoLo violated the FCRA by failing to take reasonable measures to ensure the accuracy of the "SoLo Scores" it generated for

---

[6] Although Courts may not ordinarily consider material outside the pleadings when evaluating a Rule 12(b)(6) Motion, it may consider materials incorporated by reference in the complaint or matters of judicial notice "without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). SoLo requests that the Court take judicial notice of several documents, including this letter. (ECF No. 35-14.) Because the letter's authenticity is "not subject to reasonable dispute," the Court **GRANTS** SoLo's Request. Fed. R. Evid. 201(b)(2). The Court finds it unnecessary to consider any of the remaining documents, as many of them, though not subject to dispute, relate to the claims' substantive merits. Accordingly, the Court **DENIES** the remainder of SoLo's Request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04108-RGK-AJR | Date | October 17, 2024 |
|---|---|---|---|
| Title | *Consumer Financial Protection Bureau v. SoLo Funds, Inc.* | | |

prospective borrowers. SoLo argues that the Bureau has not plausibly alleged that it receives monetary fees in exchange for generating borrowers' SoLo Scores. The Court disagrees.

To be a consumer reporting agency under the FCRA, "an entity must not just make money, but rather must make money *in exchange* for providing consumer reports." *Sandofsky v. Google LLC*, 2021 WL 2941128, at *4 (D. Mass. July 13, 2021) (emphasis in original). In *Sandofsky*, the plaintiff alleged that Google provided a search engine that allowed prospective lenders to find data regarding individual consumers' creditworthiness. *Id.* at *1. The court determined that the plaintiff failed to allege that Google was a credit agency under the FCRA because he did not allege that consumers paid a fee to use the search engine. *Id.* at *4.

SoLo argues that, as in *Sandofsky*, the Bureau has not plausibly alleged that consumers paid it to generate SoLo Scores, since scores are provided to prospective lenders for every borrower before SoLo even solicits a donation. Once again, SoLo's arguments for dismissal are an inappropriate attempt to litigate the merits of the Bureau's claims through a motion to dismiss. The Bureau alleges that mandatory fees were paid in exchange for many services related to acquiring and servicing the loan, which include a creditworthiness determination provided to prospective lenders. Accordingly, the Court **DENIES** the Motion with respect to Counts VIII and IX.

**V.      CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

|                          | :            |
|--------------------------|--------------|
| Initials of Preparer     | JRE/ak/aa    |