UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04108-RGK-AJR | Date | January 17, 2025 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. SoLo Funds, Inc. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge | |
|---|---|---|
| | Claudia Garcia-Marquez | C/S 1/17/2025 |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff(s): | Attorneys for Defendant(s): |
| | Bradley H. Cohen (lead trial counsel)<br>Chelsea M. Peter<br>Emily D. Gilman | Levi Swank (lead trial counsel)<br>Jordan Goldfarb<br>Zelma M Frederick |

**Proceedings:**   MINUTES OF INFORMAL DISCOVERY CONFERENCE

On January 17, 2025, the Court held an informal discovery conference ("IDC") to address certain discovery disputes. Based on the discussion with the parties, the Court ordered as follows:

**Collection and Search Errors:** Defendant has disclosed two significant collection and search errors that has impacted the completeness of their document productions to date and caused them to fail to meet production completion deadlines. Specifically, it appears that Defendant's vendor searched the wrong database (Relativity One) as opposed to the complete universe of client data (Google Vault). The Relativity One database had only a limited subset of data and did not contain a lot of the client's data going back to January 1, 2018. In addition to this error, it appears that Defendant's vendor had been incorrectly running proximity searches (e.g., "Board /5 presentation") in the Google Vault since the beginning of the case. The impact is that none of the proximity searches prior to this recent discovery were effective. Apparently, Google Vault requires proximity searches to be run in a special format and the vendor was not doing this correctly until very recently.

The backdrop of these errors is that Plaintiff has been complaining for months about the obvious deficiencies of Defendant's productions. Both Plaintiff and the Court have noted glaring omissions in the productions such as almost no emails being produced and productions entirely missing documents in certain date ranges. During this same period, Defendant repeatedly reassured Plaintiff and the Court that the searches and productions were complete and accurate. The Court is very concerned about irreparable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04108-RGK-AJR | Date | January 17, 2025 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. SoLo Funds, Inc. | | |

prejudice to Plaintiff given the impending discovery cut-off of February 26, 2025 and the robust schedule of depositions that was scheduled for the week of January 27, 2025.

**Accordingly, the Court directs Defendant to file a status report by 5:00 p.m. PST on January 22, 2025 explaining what happened, the impact of the errors, and the corrective action plan. Defendant's status report must include a declaration from Defendant's e-discovery vendor and propose deadlines for Defendant to complete production of documents responsive to all current discovery requests. The deadlines should be as soon as possible and take into account the upcoming deposition schedule as well as the discovery cut-off.**

Plaintiff may also file a status report by 5:00 p.m. PST on January 22, 2025 setting forth their understanding of Defendant's collection and search errors, as well as the impact these errors are having on Plaintiff's ability to prosecute this case. It would be helpful for the Court if Plaintiff could provide context on the history of Plaintiff's efforts to obtain responsive documents in this case and to lay out the various requests for production in terms of when they were served, when responses were served, and when documents were produced. The Court understands the tight time frame on the written submissions and is not expecting long submissions from either side. The parties are encouraged to be succinct and get to the point. No legal argument is required.

**The Court intends to use the information provided by the parties to set a deadline for Defendant to remedy the errors and finalize all productions in the case. If that deadline is not met, the Court will authorize Plaintiff to file a motion for sanctions pursuant to Federal Rule of Civil Procedure 37. The Court will hold a further informal discovery conference by video on Thursday January 23, 2025 at 3:00 p.m. PST. Lead counsel for all parties must be present. A representative of Defendant's vendor with knowledge of the errors and corrective action plan must be present. A client representative for Defendant must be present.**

**Deposition Scheduling:** The Court understands that approximately 6-8 depositions have been scheduled during the weeks of January 27 and February 3, with most of the depositions scheduled for the week of January 27. The Court is concerned about Plaintiff's ability to move forward with the depositions during the week of January 27 and encourages the parties to push back the depositions a few days. The Court expects Defendant to make its witnesses available since Defendant caused the need for the rescheduling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04108-RGK-AJR | Date | January 17, 2025 |
|---|---|---|---|
| Title | Consumer Financial Protection Bureau v. SoLo Funds, Inc. | | |

**Miscellaneous Document Collection:** The parties raised in their January 16, 2025 joint email a number of miscellaneous document production issues identified under Roman Numeral II. Many of the document requests at issue can be responded to with manual document collection and so are not impacted by the electronic discovery errors identified above. Defendant agreed to complete all document production for the requests described under Roman Numeral II by January 22, 2025. The Court appreciates Defendant agreeing to this deadline and will order production to be complete by this date.

**Failure to comply with the deadlines in this Order or the requirement that certain individuals appear at the next informal discovery conference may result in monetary sanctions assessed to the parties and/or counsel.**

IT IS SO ORDERED.

<u>01:06</u>